UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CURTIS HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 22-CV-11027-AK |
| v. | ) | |
| | ) | |
| LOWELL REGIONAL TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTIONS**

**A. KELLEY, D.J.**

Plaintiff Curtis Howell ("Howell") brings this action against Defendant Lowell Regional Transit Authority ("Lowell Transit"). Lowell Transit has filed a motion to dismiss the action in its entirety. [Dkt. 28]. Howell has filed several motions related to Lowell Transit's alleged failure to timely respond to the complaint. [Dkt. 26; Dkt. 32; Dkt. 33; Dkt. 35]. For the following reasons, Lowell Transit's motion to dismiss [Dkt. 28] is **GRANTED**, and Howell's motions [Dkt. 26; Dkt. 32; Dkt. 33; Dkt. 35] are **DENIED AS MOOT**.

**I.     BACKGROUND**

Unless otherwise noted, the facts are presented as alleged in the amended complaint. [See Dkt. 11]. In March 2022, Howell was on a small shuttle bus operated by Lowell Transit and verbally requested to get off at the next stop. [Id. at 1]. The bus driver did not stop, and Howell again requested the driver to stop. [Id.]. The bus driver then "stopped at the middle of the third stop and [] pulled over." [Id.]. When the bus driver pulled over, he instructed Howell

1

that Howell must "pull the lever signaling for the bus to stop." [Id.]. Howell refused to pull the lever, and another passenger asked if Howell wanted him to pull the lever for him. [Id.]. Howell said yes. [Id.]. The bus driver let Howell off the bus after the other passenger pulled the lever. [Id.]. Howell then walked approximately half a mile home while in pain. [Id.].

Howell lists a variety of federal laws Lowell Transit allegedly violated, including the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq.; 42 U.S.C. § 1981; 42 U.S.C. § 1985; and 29 U.S.C. § 794. [Id.]. Howell also states that the bus driver "illegally detain[ed]" him but does not cite to any federal law in connection with that allegation. [Id.].

After several failed attempts at service, Howell served Lowell Transit with the amended complaint on March 13, 2023. [See Dkt. 23; Dkt. 30; Dkt. 31]. Lowell Transit filed its motion to dismiss on April 3, 2023. [Dkt. 28]. Howell has filed several motions requesting the Court enter judgment against Lowell Transit for its alleged failure to timely respond to this action or to strike Lowell Transit's filings for the same reason.[1] [See Dkt. 26; Dkt. 32; Dkt. 33; Dkt. 35]. Howell has also filed what he titles an "objection," which the Court interprets as an opposition to Lowell Transit's motion to dismiss. [Dkt. 34].

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d

---

[1] Howell previously filed several similar motions [see Dkt. 14; Dkt. 15; Dkt. 20], which the Court denied [see Dkt. 16; Dkt. 23].

100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements.  Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled to credit.  Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief."  Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).  While the Court is "required to construe liberally a pro se complaint," a plaintiff's "pro se status does not insulate [him] from complying with procedural and substantive law," including the Federal Rules of Civil Procedure and the Local Rules of this Court.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**III.   DISCUSSION**

The Court grants Lowell Transit's motion to dismiss for several reasons.  First, Howell did not timely serve Lowell Transit.  Howell had until February 15, 2023, to serve Lowell Transit, and he did not serve Lowell Transit with the amended complaint until March 13, 2023.  [See Dkt. 16; Dkt. 31].  Second, even if Howell had timely served Lowell Transit, he has failed to plead facts sufficient to state a claim for which relief can be granted.  See Fed. R. Civ. P. 8, 12(b)(6).  Howell's meager factual allegations and cursory references to federal statutes are simply not enough to meet federal pleading standards even when the Court construes Howell's complaint liberally.  See Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979) ("[T]hese allegations must be backed up with enough supportive facts to outline the elements of the

pleader's claim."); see also Ulatowski v. Ponte, 524 F. Supp. 1112, 1114 (D. Mass. 1981) (noting that "courts need not conjure up unpleaded facts to support conclusory allegations in a pro se pleading, and sufficient supportive facts outlining the elements of a claim must be alleged to survive a Rule 12(b)(6) dismissal").

Howell's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a fail because Howell states no facts suggesting that the bus driver's actions were because of his race, color, religion, or national origin. Howell's claim for conspiracy to interfere with civil rights, see 42 U.S.C § 1985 ("Section 1985"), also fails, as Howell alleges no facts suggestive of "two or more persons" conspiring to prevent an officer from performing his or her duties or to deprive a person of their rights or privileges under the law, see Slotnick v. Garfinkle, 632 F.2d 163, 165-66 (1st Cir. 1980) (affirming dismissal of a claim dependent on the existence of a conspiracy where the plaintiff's complaint did not elaborate on or substantiate "its bald claims that certain defendants 'conspired' with one another"). He also fails to allege any other facts supporting a conspiracy claim under Section 1985. See Sepulveda v. UMass. Corr. Health, 160 F. Supp. 3d 371, 387-88 (D. Mass. 2016).

Howell's claim that Lowell Transit violated the ADA, 42 U.S.C. § 12101 et seq., also falls short. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II, a plaintiff must allege "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by

4

reason of the plaintiff's disability." Parker v. Universidad de P.R., 225 F.3d 1, 5 (1st Cir. 2000). Howell provides only the most cursory allegations in support of his ADA claim. Indeed, the complaint does not even allege Howell has a disability, and his vague references to "physical disabilities" in other filings [see, e.g., Dkt. 32 at 11] are still insufficient to establish that Howell is a qualified individual with a disability. Howell has also failed to allege facts demonstrating that he was excluded from participation in or denied the benefits of Lowell Transit's services, programs, or activities because of any such disability. In fact, the complaint suggests that Howell was not let off at his requested stop because he refused to pull the lever indicating that the bus should stop. [See Dkt. 11 at 1]. Howell's claim that Lowell Transit violated 29 U.S.C § 794, which prohibits discrimination against otherwise qualified individuals with a disability by programs and activities that receive certain federal grants, similarly fails; Howell has not alleged facts demonstrating he is a qualified individual, nor that Lowell Transit participates in a federal grant or program covered by the statute.

 Howell also states that the bus driver "illegally detain[ed]" him. [Dkt. 11 at 1]. This allegation fails to support a claim for any of the federal laws discussed above. However, construing the complaint liberally, this brief statement could refer to the Fourth Amendment, a claim that may be brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against "a person acting under color of state law." Diaz v. Devlin, 229 F. Supp. 3d 101, 109 (D. Mass. 2017). Still, the complaint mentions neither the Fourth Amendment nor Section 1983, and the barebones, conclusory allegation that the bus driver "illegally detain[ed]" him fails to "give the

defendant fair notice of what the . . . claim is" and therefore which defenses are available to it. Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Even if Howell had made his Fourth Amendment claim clear, the narrative he presents is not actionable. The Fourth Amendment "most commonly and traditionally applies" to law enforcement. United States v. Attson, 900 F.2d 1427, 1430 (9th Cir. 1990). While the Fourth Amendment is "applicable to the activities of civil as well as criminal authorities," New Jersey v. T.L.O., 469 U.S. 325, 335 (1985), the "types of non-law enforcement conduct to which the [Supreme] Court has extended the scope of the [Fourth] [A]mendment are [] typically motivated by some sort of investigatory or administrative purpose designed to elicit a benefit for the government," Attson, 900 F.2d at 1430. As such, "it is particularly important for courts to make a threshold inquiry as to its applicability." Blasko v. Doerpholz, No. 15-CV-30185-MGM, 2016 WL 11189804, at *15 (D. Mass. Aug. 22, 2016) (citing Attson, 900 F.2d at 1429-30), adopted by Blasko v. Doerpholz, No. 15-CV-30185-MGM, 2017 WL 1196647 (D. Mass. Mar. 30, 2017). The Court therefore must "evaluate whether [the challenged] conduct has as its purpose the intention to elicit a benefit for the government in either its investigative or administrative capacities." Id. Such is not the case here, and Howell's complaint cannot maintain a Fourth Amendment claim. See id. Even if Howell had alleged facts suggestive of such intent, a seizure occurs only if "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Brendlin v. California, 551 U.S. 249, 255 (2007) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)). Howell's own allegations indicate that he was free to leave if he simply pulled the lever to indicate that the bus should stop so that a passenger could depart. [See Dkt. 11 at 1]. Indeed, as soon as another passenger did so on Howell's behalf, the bus driver opened the doors to let Howell off. [Id.]. As

such, the facts alleged do not support the claim that a reasonable person in Howell's circumstances would have believed he was not free to leave, and there was no seizure within the meaning of the Fourth Amendment.  See Mendenhall, 446 U.S. at 554.

## IV.   CONCLUSION

For the foregoing reasons, Lowell Transit's motion to dismiss [Dkt. 28] is **GRANTED** and this action is **DISMISSED**.  As such, Howell's motions [Dkt. 26; Dkt. 32; Dkt. 33; Dkt. 35] are **DENIED AS MOOT**.[2]

**SO ORDERED.**

Dated: June 1, 2023                                                    /s/ Angel Kelley
                                                                        Hon. Angel Kelley
                                                                        United States District Judge

---

[2] Howell's motions [Dkt. 26; Dkt. 32; Dkt. 33; Dkt. 35] also fail on the merits.  He bases these motions on Lowell Transit's alleged failure to timely respond to his suit.  Howell filed his original complaint on June 27, 2022, and his amended complaint on September 9, 2022. [Dkt. 1; Dkt. 11].  Howell failed to serve the amended complaint on Lowell Transit multiple times, and service was not executed until March 13, 2023. [Dkt. 31].  Lowell Transit filed its motion to dismiss on April 3, 2023. [Dkt. 28].  Lowell Transit's motion to dismiss was filed within the twenty-one days allowed for service of a responsive pleading, and Howell's arguments are meritless.  See Fed. R. Civ. P. 12(a).